**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CONNIE S. FARRIS, ) <br> ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No. 2:07-cr-00051-RLH-PAL <br><br> **ERRATA TO ORDER #51** <br><br> (Mtn File Add'tl Pleadings - #27) <br> (Mtn Bill of Particulars - #28) <br> (Mtn Disclosure - #29) <br> (Mtn Dismiss - #30) <br> (Mtn Strike - #37) <br> (Mtn Hearing - #44) |

The court entered an order (#51) July 10, 2008 denying numerous motions (## 27, 28, 29, 30, 37, 44) filed in this matter. However, pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4, the court's order on Farris' Motion to Dismiss (#30) should have been filed as a Report of Findings and Recommendation rather than an order because the Motion to Dismiss (#30) requests dispositive relief. The following Errata to Order #51 corrects this error:

**ERRATA TO ORDER #51**:

This matter is before the court on defendant Connie S. Farris' Motion for Bill of Particulars (#28), the government's Motion to Strike Defendant's Motion for Bill of Particulars (#37), Farris' Motion for Leave to File Additional Pleadings (#27), Farris' Motion for Disclosure of Government Proffer Information (#29), Farris' Motion to Dismiss for Failure to Comply with Disclosure Obligations (#30), and Farris' Motion for Evidentiary Hearing on Defendant's Motion to Dismiss (#44). The court has considered the motions and the various responses, replies, and supplements which relate to these motions (## 31, 33, 35, 36, 38, 40, 41, 42, 43, 46, 49).

/ / /

/ / /

**Motion for Bill of Particulars (#28) and Motion to Strike (#37)**

Farris was charged in an indictment (#1) with 63 counts of Mail Fraud on March 14, 2007. The case was deemed complex in an order (#17) entered December 14, 2007. Farris now moves for an order requiring the government to submit a bill of particulars to fully inform her of the charges against her. Farris argues a bill of particulars is necessary here, where the case is complex and there has not been full discovery. She requests the following information related to the allegations in the indictment:

1. Please state with particularity the representations made by Connie Farris with regard to each investor named in the complaint;

2. Please state with particularity the information comprising the material omissions made by Connie Farris with regard to the investors named in the complaint;

3. Please state with particularity the amount of interest each investor was paid, as well as the date that the interest was paid;

4. Please state with particularity the amount each investor invested;

5. Please state with particularity which investors signed assignments to The Fund,[1] and the date they signed assignments to the fund. Was an amount given for their interest in The Fund? If so, how much?;

6. Please state with particularity the content of the advertisements placed in the Las Vegas Review Journal as referenced in the complaint;

7. Please identify the non-cash assets of the Fund as stated in Paragraph 9;

8. Please state the number of shares given to each investor, including the identification of each investor and how many shares each investor received, as referenced in paragraph 45;

9. Please state how much back-interest Global Express owed to each investor, including the identification of each investor, as referenced in paragraph 45;

10. For each investor listed on pages 13, 14, 15, and 16, please state the number and amount of interest payments received, as well as the dates the interest payments were received;

11. Please provide the names of each individual investor in The Fund, the amount each investor invested in the Fund, the date invested, and any and all claim forms submitted to the Receiver. Please

---

[1] Global Express Capital Real Estate Investment Fund I, LLC (the "Fund"). (Indict. at 2)

|   |   |
|---|---|
|   | note that this request includes investors that invested cash in the Fund.  Additionally, please provide the names of investors whose claims were disallowed by the Receiver; and |
| 12. | Please identify the Investor Claim Form for each investor, including amount of the claim approved by the receiver, the property attributed to the claim, and amount of money received from the receiver from his disbursements. |

(Mot. at 4-5).

In response (#38), the government contends the indictment provides more than sufficient detail to apprise Farris of the charges against her and allow her to prepare a defense and avoid double jeopardy.  According to the government, the indictment provides a detailed description of Farris' scheme, the dates of Farris' overt acts and misrepresentations, and the dates, investor names, and documents involved in each mailing.  The government claims Farris' motion is an improper attempt to obtain discovery from the government, and responds to each of Farris' individual requests for particularity by stating that such information is either in the indictment, in discovery, in the Receiver's possession, or not necessary to establish the elements of the offense charged.  Moreover, the government argues a bill of particulars is not required because it has provided the defendant with full discovery.

Farris reiterates her previous arguments in her Reply (#43) and contends that a bill of particulars is especially warranted in this case because the government produced FBI interview memoranda and over 100 boxes of evidence after she filed her Motion for Bill of Particulars.  She also claims the information requested is necessary to establish the elements of the offense charged.  Finally, Farris argues that the government's response – that the information requested is in discovery or in the Receiver's possession – is deficient because the government does not specify exactly where among the over 53,000 pages of documents such information is located.

Additionally, the government moves to strike (#37) Farris' motion for a bill of particulars because Farris filed her motion more than 10 days after being arraigned and has not sought leave of court or established a basis for filing her motion at such a late date.  In response (#42), Farris acknowledges the tardy filing of her motion but argues that the federal rules allow her to move for a bill

///

of particulars at any time if the court permits, and asks the court to grant her leave to bring her motion because this case is complex.

Rule 7(f) of the Federal Rules of Criminal Procedure allows a defendant to move for a bill of particulars "before or within 10 days after arraignment or at a later time if the court permits." The purposes of a bill of particulars "are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984). The function and purpose of the bill of particulars is served when "the indictment itself provides sufficient details of the charges and [when] the Government provides full discovery to the defense." Mitchell, 744 F.2d at 705.

The decision whether or not to grant a motion for a bill of particulars is committed to the discretion of the trial court. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983). The court "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." Id. at 1054, citing, United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979). The defendant "is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case." Giese, 597 F.2d at 1181, quoting, Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963).

The indictment in this case charges Farris with 63 counts of mail fraud, alleging that Farris devised a scheme to defraud investors by making material misrepresentations and omissions regarding matters such as whether loans were secured by deeds of trust or funded or closed, and sent investors monthly interest checks and other materials related to their investments to prevent investors from becoming suspicious of Farris' actions. The indictment describes the scheme and the real estate projects and loans involved in the scheme, including the properties, amounts solicited and raised, the names of the borrowers, and Farris' misrepresentations, omissions, and other conduct in furtherance of the scheme. For each count of mail fraud the indictment lists the material sent, the name of the investor-recipient, the project to which the material pertained, and the date of mailing.

After reviewing and considering the matter, the court concludes that the indictment sufficiently informs Farris of the nature of the charges against her to allow her to prepare her defense, avoid any unfair surprise at trial, and plead double jeopardy in any subsequent prosecution. To state a claim for

mail fraud in violation of 18 U.S.C. § 1341, the government must allege: (1) the formation of a scheme or artifice to defraud; (2) the use of the United States mails or causing the use of such mails; and (3) the specific intent to deceive or defraud. Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1399-1400 (9th Cir. 1986). The 16-page indictment in this case sets forth sufficient facts to establish these elements and, coupled with the substantial discovery provided by the government, serves the function and purpose of a bill of particulars. The information Farris seeks is simply not required to state a claim for mail fraud or apprise Farris of the nature of the charges against her.

Because the indictment is sufficiently detailed, the court exercises its discretion to deny the request for a bill of particulars. The government's motion to strike defendant's motion is also denied because Rule 7(f) allows a defendant to move for a bill of particulars at any time so long as the court permits, and the court denies Farris' motion based on its substance, not its timing.

**Motion for Disclosure of Government Proffer Information (#29)**

Farris claims in her Motion for Disclosure of Government Proffer Information (#29) that she believes there are cooperating witnesses in this case because she is the only defendant named in the indictment even though numerous individuals were involved in the alleged scheme. She believes the government may have obtained pre-indictment statements and/or plea agreements from these witnesses, and argues she is entitled to proffer information if the government plans to use any "informant-type witness in the case." (Mot. at 4-5) Specifically, the defendant seeks disclosure of the following:

1.  Initial discussions between the Assistant U.S. Attorney and any cooperator or cooperator's counsel regarding the information the cooperator's attorney believes the cooperator will give;

2.  Initial discussions between the Assistant U.S. Attorney and any cooperator or cooperator's counsel regarding the extent of benefits to be offered to the cooperator;

3.  Actual proffer by cooperator as well as any statements by his/her counsel;

4.  Initial discussions between the Assistant U.S. Attorney and the case agent regarding their opinion as to the completeness and truthfulness of the proffer;

5.  Subsequent discussions between the Assistant U.S. Attorney and the cooperator's counsel regarding additional information the Government believes the cooperator should provide (assuming an

        assessment has been reached that the initial proffer is either incomplete or misleading); and

6. Subsequent discussions regarding the extent of benefits to be offered to any cooperator as well as the actual benefits ultimately offered.

7. Discussions as outlined above with prospective cooperators that may not have ultimately cooperated with the Government. (In the event that cooperator did not have counsel then the same information is sought as it relates directly to the cooperator).

(Mot. at 1-2)

      The government responds (#36) that it has only conducted proffers from two witnesses, Dawn Reese and Lou Ann Kicker, and has disclosed the FBI Memoranda of Interview ("302s") memorializing the proffer information from these witnesses in discovery. The government represents that it "has not entered into any plea agreements with cooperators or offered any benefits to witnesses in exchange for their testimony in this case" (Resp. at 2), and states that it will timely disclose any exculpatory, mitigating, or impeachment information pursuant to its obligations. The government also disclosed through discovery the first two 302s of Patty Folk, a target who was never charged or promised anything for her testimony, and the government has now attached Folk's third 302 as an exhibit to its response because it previously overlooked this 302. The government also responds to each of the queries submitted in defendant's motion.

      In reply (#41), Farris renews her requests for the content of proffer discussions and argues that the government has violated its ethical duties by failing to produce information it was required to produce, including over 100 boxes of documents, two discs of documents, and eight additional 302s, until recently. In the alternative, Farris directs the court's attention to her pending Motion to Dismiss (#30).

      Generally, there is no constitutional right to discovery in a criminal case. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). However, certain discrete areas of discovery exist pursuant to Fed. R. Crim. P. 16, 18 U.S.C. § 3500 (the "Jencks Act"), and the rules articulated in Brady v. Md., 373 U.S. 83 (1963) (holding that due process is violated where government withholds favorable material evidence from defense) and Giglio v. United States, 405 U.S. 150 (1972) (requiring disclosure of certain impeachment evidence).

1    The Supreme Court has held that "suppression by the prosecution of evidence favorable to an
2 accused upon request violates due process where the evidence is material either to guilt or punishment,
3 irrespective of the good faith or bad faith of the prosecution." Kyles v. Whitley, 514 U.S. 419, 432
4 (1995), citing, Brady, 373 U.S. at 87. The government has a constitutional duty to disclose exculpatory
5 material pursuant to Brady, and no court order is required. Id. Additionally, it is the government's
6 obligation to turn over all material information casting a shadow of a doubt on a government witness'
7 credibility. United States v. Bernel-Obeso, 989 F.2d 331, 333-34 (9th Cir. 1993); see also Giglio, 405
8 U.S. at 154-55.

9    The disclosure required by Brady "extends to impeachment evidence, if the reliability of the
10 witness may be determinative of the defendant's guilt or innocence." United States v. Bracy, 67 F.3d
11 1421, 1428 (9th Cir. 1995), citing, Giglio, 405 U.S. at 154. Information bearing on a witness'
12 credibility "must include the witness's criminal record, including prison records, and any information
13 therein which bears on credibility," Carriger v. Stewart, 132 F.3d 463, 480 (9th Cir. 1997), including all
14 promises, inducements, or threats made to a witness in order to gain the cooperation of that witness in
15 the investigation or prosecution of the defendant, see Giglio, 405 U.S. 150.

16    The Ninth Circuit has also held that generally, disclosure of Brady material is to occur before
17 trial. United States v. Nagra, 147 F.3d 875, 881 (9th Cir. 1988), and the disclosure must be made at a
18 time when it would be of value to the accused. United States v. Aichele, 941 F.2d 761, 764 (9th Cir.
19 1991), quoting, United States v. Davenport, 753 F.2d 1460, 1462 (9th Cir. 1985); see also United States
20 v. Shelton, 588 F.2d 1242, 1247 (9th Cir. 1978) (delay in disclosure only requires reversal if it so
21 prejudiced appellant's preparation or presentation of his defense that he was prevented from receiving
22 fair trial.), cert. denied, 442 U.S. 909 (1979).

23    Pursuant to the Jencks Act, the government must produce all prior relevant statements of a
24 witness after that witness has been called by the government to testify on direct examination. 18 U.S.C.
25 § 3500(a). The government must disclose such criminal history and other background information
26 regarding government witnesses as is material and reasonable under Brady and Giglio. See Carriger,
27 132 F.3d at 480; Bracy, 67 F.3d 142; United States v. Flores, 540 F.2d 432, 437 (9th Cir. 1976); Briggs
28 v. Raines, 652 F.2d 862 (9th Cir. 1981).

1    Discovery in this case is governed by the parties' Joint Discovery Statement (#12), which
2 requires, among other things, disclosure of memoranda of interviews of witnesses the government
3 intends to call.  The government has complied with the Joint Discovery Statement by providing
4 defendant with 302s of all of its witnesses.  The government's recent disclosure of Folk's third 302 and
5 the eight additional 302s of eight other witnesses is not a violation of its duties under the Nevada Rules
6 of Professional Conduct, federal law, or the Joint Discovery Statement.  The court accepts the
7 government's representation that its failure to previously disclose the 302s was inadvertent.  Farris also
8 does not claim that the recent disclosure has caused her prejudice, nor does there appear to be any
9 prejudice because the disclosures were made significantly in advance of trial, which is currently set for
10 October 20, 2008 pursuant to the parties' agreement.
11    The government is cognizant of its duty to timely disclose exculpatory and impeachment
12 information, has assured defendant that it has not entered into any plea agreements or offered any
13 benefits to witnesses in exchange for their testimony, and has provided answers to defendant's requests
14 for proffer information.  Farris is not entitled to any additional information.  Additionally, the Joint
15 Discovery Statement requires the parties to meet and confer in a good faith effort to resolve this dispute
16 before seeking relief from the court.  However, Farris' motion (#29) does not contain a statement that
17 the parties have done so.  Her motion is therefore denied.

18 **Motion to File Additional Pleadings (#27)**

19    In an order (#50) entered July 3, 2008, the court granted Farris' Motion to Continue Pre-Trial
20 Motions and Trial Date (#45).  Trial is now set for October 20, 2008, pretrial motions are due August
21 15, 2008, and responses thereto are due August 22, 2008.  Farris' Motion to File Additional Pleadings
22 (#27) is denied as moot.

23 **Motion to Dismiss (#30) and Motion for Evidentiary Hearing (#44)**

24    The Securities and Exchange Commission ("SEC") filed a complaint (Mot. at Exh. "A") against
25 Global Express Capital Corporation, a company owned and operated by Farris, and related entities
26 (collectively, "Global Express") on December 4, 2003, for violations of federal securities laws.  James
27 H. Donnell was appointed Receiver of Global Express and hired Spinelli Corporation, a forensic
28 / / /

specialist, to copy or mirror Global Express computer equipment. The Receiver seized all records, plans, documents, investor files, and bank accounts of Global Express.

Farris seeks dismissal of the charges against her, asserting the government failed to comply with its disclosure obligations under Fed. R. Crim. P. 16. According to Farris, the Receiver committed misconduct by: never preparing an inventory of the seized documents; keeping the documents, boxes containing those documents, and storage unit holding the boxes of documents in disarray, with some of the boxes improperly identified and some of the documents torn and missing; failing to secure Global Express' Las Vegas offices, evidenced by two break-ins during which personal property was stolen (most likely Farris' and Patty Folk's personal computers) and unsupervised access by cleaning personnel, the landlord, and a repair contractor; instructing the landlord of the Global Express Montana office to dispose of the computer and other office equipment left there; continuing to refuse to disclose administrative files which could be exculpatory and contain communications between the Receiver and alleged victims; and only recently "re-discovering" a storage unit containing over 100 boxes of documents related to this action. She also claims the government committed misconduct by producing documents on a disc which are inaccessible.

As a result of such conduct, Farris claims "crucial evidence . . . has been irrevocably destroyed or lost," "Farris' own computer files have never been recovered or produced," and "accounting records recovered by Mr. Schaefer, the Receiver's accountant, have never been produced even though they have been recovered." (Mot. at 9) Although most of the misconduct is alleged against the Receiver, Farris contends the Receiver's actions are imputed to the prosecution and argues that dismissal of this action is the only appropriate sanction for the government's "flagrant misconduct" and "willful refusal to comply fully with Rule 16 and the Court's orders." (Mot. at 8)

The government responds (#35) that Farris' motion makes numerous factual misrepresentations which are inaccurate or misleading. Regarding the Receiver's alleged misconduct, the government asserts: Farris was never denied access to her documents or computers in the Receiver's possession; Farris' computer was not in the office when the Receiver took possession; the Receiver did not breach any duty to preserve Folk's computer because she did not work for Global Express; the Receiver forfeited the furniture in the Montana office, including the computer, to save the receivership expenses;

the court never ordered the Receiver to prepare a document inventory, and the Receiver created an inventory of all business records except those in the Global Express storage space; the documents were stored in an orderly fashion, none were lost, they have been available to Farris for inspection, and only one out of the 100 recently produced boxes of documents are relevant; there was only one break-in, but nothing was taken and the documents which the Receiver had deemed crucial had already been removed; only one unsupervised visit occurred, but this was after the critical documents were removed; and Farris is not entitled to inspect the Receiver's administrative files.  In response to the misconduct alleged against the prosecution, the government claims Farris' copy of the computer mirror images was originally copied by Spinelli and was not defective, she could have hired a data recovery analyst, and she never responded to the government's April 16, 2008 letter (Resp. at Exh. "8") proposing alternatives for accessing the files.

The government argues that neither a dismissal nor a continuance is necessary because the conduct complained of was the fault of the Receiver, who is an agent of the court, not the government. The government also asserts that Farris has not been prejudiced because trial is a few months away and Farris has not identified any lost or recently produced documents which caused her prejudice.  Finally, the government claims that Farris has not made a showing that the government acted willfully, flagrantly, or in bad faith, or made affirmative misrepresentations.

Farris reiterates previous arguments in her reply (#40), and argues that the Receiver's conduct is chargeable to the government because they worked closely during the SEC action and in this case.  She also points to Folk's deposition testimony (Reply at Exh. "C") as proof that Folk worked for Global Express, and to the Receiver's declaration to show that he promised to create an inventory when he stated, "All business records under the control of the receiver will be specifically identified and carefully catalogued for the preservation of evidence in this case." (Resp., Exh. "1" at 7)  Farris also claims she was not permitted to inspect the documents during the pendency of the SEC case and that Andrew Jolley, an employee of Spinelli, has a conflict of interest because he is President of Capsource, Inc., a company owned by the same owner as one of Global Express' biggest competitors.  Farris requests (#44) an evidentiary hearing to resolve the parties' factual disputes and authenticate and clarify the numerous attachments filed with the parties' pleadings.

A receiver is an officer of the court who manages property pursuant to the court's orders. Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 836 (9th Cir. 2006). Appointment of a receiver rests within the sound discretion of the court. Atlantic Trust Co. v. Chapman, 208 U.S. 360, 370 (1908). Federal receivers have broad powers in administering, retrieving, and disposing of assets belonging to the receivership. Sec. Exch. Comm'n v. Ross, 504 F.3d 1130, 1145 (9th Cir. 2007). As an officer of the court, a receiver "is an indifferent person between the parties" appointed by the court "for the benefit of all parties who may establish rights in the cause." Atlantic Trust, 208 U.S. at 370-71; see also id. at 377 ("The receiver is but the creature of the court"). A receiver may be personally liable for actions taken outside the authority granted by the court. Kohlrautz, 441 F.3d at 836. However, a party is not liable for the receiver's actions simply because the receiver was appointed on that party's motion. Atlantic Trust, 208 U.S. at 370.

In this case, Defendant's request for dismissal based on the Receiver's alleged misconduct is not well taken. The Receiver's actions are not chargeable to the government because he is an officer of the court, not the prosecution. Kohlrautz, 441 F.3d at 836. The government's allegedly "friendly" (Reply at 4) relationship with the Receiver and the fact that the SEC requested the Receiver's appointment do not make the government responsible for the Receiver's conduct, and Farris does not cite any authority suggesting as much. Nor does she cite any case holding that dismissal is a proper remedy for receiver misconduct.

The only government conduct alleged in the motion is the electronic production of documents which Farris claims are inaccessible. The parties' dispute whether the documents on one of the discs can be opened can and should have been resolved by the meet and confer process. Regarding the computer mirror images, it appears Farris never responded to the government's April 16, 2008 letter (Resp. at Exh. "8") proposing alternatives for accessing the files. Finally, Farris cannot point to any lost or recently produced documents which are necessary to her defense, and has not established that she has been prejudiced by the Receiver's alleged misconduct. The court will therefore recommend that Farris' request for dismissal (#30) be denied. Because the Receiver's conduct cannot be imputed to the government, there are no factual disputes between the parties which require an evidentiary hearing, and Farris' request for an evidentiary hearing (#44) is denied.

Based on the foregoing,

**IT IS ORDERED**:

1. Farris' Motion for Bill of Particulars (#28) is DENIED.
2. The government's Motion to Strike Defendant's Motion for Bill of Particulars (#37) is DENIED.
3. Farris' Motion for Leave to File Additional Pleadings (#27) is DENIED as moot.
4. Farris' Motion for Disclosure of Government Proffer Information (#29) is DENIED.
5. Farris' Motion for Evidentiary Hearing on Defendant's Motion to Dismiss (#44) is DENIED.

**IT IS RECOMMENDED** Farris' Motion to Dismiss for Failure to Comply with Disclosure Obligations (#30) be DENIED.

Dated this 14th day of July, 2008.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE