UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-CR-051-RLH-PAL |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | (Motion to Preserve Records–#277) |
| CONNIE FARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Defendant Farris's Motion to Preserve the Records in the Receiver's Possession. (#277, filed February 7, 2013). The United States' Response (#278) merely notes that it has no need for the records and takes no position on Defendant's motion. Defendant filed a Reply (#280) responding to the Receiver's letter and concerns.

Because the records were obtained in a separate and civil case (2:03-cv-1514-KJD-LRL, before the Honorable Kent J. Dawson), are stored in California and not in the District of Nevada, and the matter is now on appeal, this Court (apparently mistakenly) assumed the motion was to be addressed by the Circuit Court and referred it there. However, the Circuit Court decided otherwise, temporarily stayed the destruction of the records, and referred the matter back to the District Court to decide the motion within fourteen days of the referral. Accordingly, this Court has considered the motion, reviewed the file, and denies the motion for the reasons stated hereafter.

1

## BACKGROUND

### THE S.E.C. CASE

In 2003 the Securities and Exchange Commission filed an action against Connie Farris and a number of her companies. A receiver was engaged who took possession of records of the defendants in that case. The judgment in that case was filed in late 2012 and is now on appeal. On November 30, 2012, Defendant Farris filed a motion before Judge Dawson to deny the destruction of records and documents. At a hearing on December 5, 2012, Judge Dawson ordered that the records could be preserved, but only if Connie Farris funded the cost of storage in advance for a period of one year. It appears that Farris then sought relief from the Circuit Court, but her relief was denied. *See* No. 12-17476, Order filed January 17, 2013. Three weeks later, the present motion was filed in this, her criminal case.

### THE HISTORY OF THIS CASE AND ANALYSIS

Defendant's motion is based on possibilities, speculation, and wishful thinking. The Court is told the documents "may be necessary" for the direct appeal. It is speculated that "if Farris wins her appeal" her attorney will want to review the documents in the receiver's possession to prepare for a new trial. It is further speculated that they will be necessary "if Farris chooses to file a petition for federal habeas relief," to support a claim for ineffective assistance of counsel if there is evidence in the receiver's possession that should have been used at trial.

Nothing has been presented to suggest the *probability*–or even possibility–of undiscovered evidence beneficial to Farris's trial, appeal, or any habeas petition. In fact, the record of this case presents evidence of just the opposite.

The indictment was filed March 14, 2007. For the first two years of the case, Farris was represented by the same law firm that represented her in the SEC case before Judge Dawson. That law firm had extensive criminal defense experience in federal court and the attorneys involved have served on the CJA appointment panel. In June 2009 the Federal Public Defender replaced the first law firm, and ultimately took the case to trial in October 2010. Two of the most experienced and

capable Assistant Federal Public Defenders in that office represented Farris in the year and one-half leading up to trial.

Beginning in April 2007, to the time of trial in October 2010, there were eleven (11) continuances of trial dates, almost all exclusively for the purpose of providing additional time for counsel to examine, study and review the documents in the case. These documents included the documents in possession of the Receiver, which were the ultimate source of the vast majority of the documents which exist. The combined time total of those continuances was approximately forty-one (41) months.

The first law firm had the benefit of being involved in, and having access to the documents through, both cases on behalf of Farris. Their requests for continuances, for more time to discover and study the documents, total twenty-five (months). The balance of the continuances (sixteen months) were for the benefit of the Public Defender, which invested hundreds of hours by attorneys and their staffs in examining the documents. In addition, the Federal Public Defender expended $407,791 paying for outside litigation support specialists to examine, copy and analyze these same records.

The suggestion (or forlorn hope) that these attorneys and experts missed some relevant, much less critical or exculpatory, document or documents, and that their efforts were somehow demonstrative of ineffective assistance of counsel, is contradicted by the facts.

The cost of preserving these records is not the real issue. Rather, it is the cost weighed against the potential benefit, *i.e.,* the justification, of the cost that is the real issue.

Public funds have preserved these records for approximately ten years. Public moneys have funded hundreds of hours by attorneys and hundreds of thousands of dollars in outside special litigation support costs to examine these records. This Court cannot justify the further expenditure of public funds to preserve records that have been repeatedly and thoroughly plowed and harvested on the "hope" that another look "might" find something all these others have missed, *that is exculpatory*. These are Farris's own records. Yet, she has identified no document, that would be exculpatory, that

should be in these records, that everyone (presumably at her direction) has searched.

Like Judge Dawson, I have no objection to the Defendant taking possession of and preserving these documents. But this Court cannot justify further expenditure of public funds in this effort.

IT IS THEREFORE ORDERED that Defendant Farris's Motion to Preserve the Records in the Receiver's Possession (#277) with public funds, is DENIED.

Dated: February 28, 2013.

_____
**Roger L. Hunt**
**United States District Judge**