FILED

OCT 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10186 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00051-RLH-PAL-1 |
| v. | |
| CONNIE FARRIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted October 7, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Connie Farris appeals the sentence imposed by the district court after she was found guilty of 39 counts of mail fraud. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's sentencing decisions for abuse of discretion.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). We affirm in-part, vacate in-part, and remand to the district court.

I

The district court permissibly calculated the offense level and guidelines range at Farris's sentencing hearing. As a basis for the loss amount and number of victims, the district court considered charts produced in relation to five fraudulent loans Farris marketed while leading a group of companies referred to as Global Express. The district court properly considered this evidence as relevant conduct under the Guidelines. The fact that the charts were initially produced in a related civil enforcement action does not preclude their use in a criminal case. *See Pepper v. United States*, ___ U.S. ___, 131 S.Ct. 1229, 1241, (2011) (noting that district courts may base sentencing decisions on all § 3553(a) factors, subject to reasonableness review).

II

The district court's non-specific resolution of the loss amount and number of victims for purposes of calculating the Guidelines offense level was not error, as Farris did not propose a specific objection to the loss amount calculation. *See United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008) (noting that a district court is required to rule on whether a particular submission may be considered in

sentencing only where there is a specific factual objection). Farris's concerns about the reliability of the charts were not expressed at trial. She, in fact, stipulated to their introduction. Her objections are therefore forfeited, and thus subject to plain error review. *See Puckett v. United States*, 556 U.S. 129, 134 (2009). Farris's claim that the district court erred in assessing the loss amount and number of victims fails under plain error review.

### III

The district court did not err by applying the aggravating role adjustment under Chapter Three of the Guidelines. Because Farris did not raise this issue before the district court, this court may review only for plain error. *United States v. Rose*, 20 F.3d 367, 373 (9th Cir. 1994). A court may apply the leader or organizer aggravating role adjustment when conduct is "otherwise extensive" even if there are not more than five criminally responsible participants in the crime. *See United States v. Booth*, 309 F.3d 566, 577 (9th Cir. 2002) (quoting U.S.S.G. § 3B1.1(a)). Evidence at trial showed that Farris perpetrated an elaborate fraud involving millions of dollars, many employees, and victims across several states. The district court's decision to apply the adjustment was not error, much less error that is "obvious" or "clear," as the plain error standard requires. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

IV

The district court's restitution order is inconsistent with the offense level calculation and is not adequately justified on the record. The district court ordered restitution in the amount of $31,651,640.29 at sentencing without a detailed recitation of the basis for the calculation. Presumably, the restitution order represented losses traceable to Farris's five fraudulent loan transactions and her activities to market the Global Express Real Estate Investment Fund. The restitution order was later amended by order of the district court to $32,773,967.48 to correct a computation error.

The restitution amount ordered is incompatible with the district court's decision to sustain Farris's objection to the loss amount. The district court found that the loss amount, although then not expressly determined, should be limited to the five fraudulent loan transactions. That predicate decision as to the base offense level is not consistent with the restitution the court ordered, which was apparently based on both the five fraudulent loans and Farris's activities marketing the Real Estate Investment Fund. The district court's restitution order is therefore vacated and the case remanded for further findings or recalculation in accordance with the district court's decision to sustain Farris's loss amount objection.

**AFFIRMED IN-PART and VACATED IN-PART; REMANDED.**