# UNITED STATES DISTRICT COURT
District of

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| CONNIE S. FARRIS | Case Number: 2:07-cr-00051-RLH-PAL-1 |
| | USM Number: 41922-048 |
| **Date of Original Judgment:** 3/18/2011 | William Gamage, CJA |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☑ was found guilty on count(s) 1-3, 5-9, 11-13, 15, 16, 18, 19, 25, 28, 30-33, 35, 36, 39, 41, 43-45, 47-57 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U..SC § 1341 and 2 | Mail Fraud; Aiding and Abetting | 10/25/2003 | |
| | | | |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s) All other Counts ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 19, 2015
Date of Imposition of Judgment

*/s/ Roger L. Hunt*
Signature of Judge

ROGER L. HUNT, UNITED STATES DISTRICT JUDGE
Name of Judge                Title of Judge

May 28, 2015
Date

AO 245C (Rev. 09/08 Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment  (NOTE: Identify Changes with Asterisks (*))

Case 2:07-cr-00051-RLH-PAL   Document 332   Filed 05/28/15   Page 2 of 9

Judgment — Page 2 of 7

DEFENDANT: CONNIE S. FARRIS
CASE NUMBER: 2:07-cr-00051-RLH-PAL-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

144 MONTHS as to each count, each count to run concurrently, one with the other

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant be permitted to serve her term of incarceration in a facility located as close as possible to California.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m  ☐ p.m.  on _____ .

  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☑ before 12 p.m. on  July 15, 2011 .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:07-cr-00051-RLH-PAL   Document 332   Filed 05/28/15   Page 3 of 9
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 7

DEFENDANT: CONNIE S. FARRIS
CASE NUMBER: 2:07-cr-00051-RLH-PAL-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 YEARS as to each count (concurrent)

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 3C — Supervised Release                                                      (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: CONNIE S. FARRIS                                              Judgment—Page 4 of 7
CASE NUMBER: 2:07-cr-00051-RLH-PAL-1

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not possess, have under her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by Federal, state or local law.

2) The defendant shall submit to the search of her person, property, or automobile under her control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the Probation Officer without a search warrant to ensure compliance with all conditions of release.

3) The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Officer.

4) The defendant shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which she has a control or interest.

5) The defendant is restricted from engaging in employment, consulting or any association with any real estate, trust deed, securities business, broker, dealer, promoter, sale of stocks, bonds, negotiable securities business for a period of five (5) years.

Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Case 2:07-cr-00051-RLH-PAL   Document 332   Filed 05/28/15   Page 5 of 9
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: CONNIE S. FARRIS
CASE NUMBER: 2:07-cr-00051-RLH-PAL-1

Judgment — Page 5 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 2,856.66 * | $ N/A | $ 1,930,843.12 * |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Attached |  | $1,930,843.12 |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 1,930,843.12 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments                                                                                (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: CONNIE S. FARRIS                                   Judgment — Page 6 of 7
CASE NUMBER: 2:07-cr-00051-RLH-PAL-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ☑ Lump sum payment of $ 1,933,699.78 due immediately, balance due

         ☐ not later than _____ , or
         ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B    ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☑ Special instructions regarding the payment of criminal monetary penalties:

         Restitution balance shall be paid at a monthly rate of 10% of gross income, subject to adjustment based on ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

         Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

U.S. v. Connie Farris
2:07-CR-00051-RLH-PAL
Restitution List

| Victim Name | Care of | Restitution |
|---|---|---|
| Abel Living Trust | Walter B. Abel | 30,639.25 |
| Abraham, Bernard | | 19,190.03 |
| Agne, Jo Ann & Laura Robinson | | 3,647.48 |
| Barnes, Robert J. | | 7,294.94 |
| Barroso Trust | Pedro & Carol Barroso | 116,875.00 |
| Boutchinski, Mikhail | | 7,000.00 |
| Bradbury, Robert & Constance | | 6,500.00 |
| Britos, Bruce IRA | | 39,706.72 |
| Britos, Leland Trust | Leland Britos | 41,924.44 |
| Brower, Glen F. | | 18,237.45 |
| Brower, Patricia A. | | 3,647.57 |
| Byron Trust | James & Dawn Gerke | 18,967.25 |
| Carlton, Daniel & Takeko Revocable Trust | Daniel Carlton, Trustee | 29,180.24 |
| Carriere, Ruth Family Trust | Ruth D. Carriere | 18,237.66 |
| Catherman, Darrell C. | | 14,589.92 |
| Chapman, John Trust | | 5,181.63 |
| Colon, Mayuree | | 14,590.07 |
| Couri, Kevin Charles | | 7,295.03 |
| Couri, Michael & Margaret | | 7,295.05 |
| D'Anna, Joseph | | 16,778.54 |
| Davis Revocable Living Trust | Glenn & Bernie Davis, Jr.Trustees | 36,475.25 |
| Dixon, Estella & Ronald | | 18,237.73 |
| Dixon, Heidi & Ronald | | 17,143.35 |
| Duncan Family Trust | Danny & Fumiko Duncan | 25,532.94 |
| Dunphy, Jack | | 7,295.06 |
| Durkot, Stephen L. | Stephen L. Durkot Retirement Investment | 14,590.04 |
| Ervin, Lloyd E. | | 3,647.60 |
| Evans, Shirley | | 5,000.00 |
| Friedman, Sander & Edith Living Trust | Sander & Edith Friedman, Trustees | 32,997.69 |
| Gambello, Anthony & Elizabeth Family Trust | Anthony & ElizabethGambello, Trustees | 36,474.96 |
| Gehrke, Walden | | 14,589.94 |
| Givens Family Trust | Howard & Terrian Givens | 10,942.40 |
| Golden, Ruth | | 14,590.00 |
| Grotewold, Douglas & Carol | | 7,295.02 |
| Guy, Robert Trust | Robert L Guy | 33,557.30 |
| H&P Trucking Company, Inc | Howard Mills | 7,295.31 |
| Handlos, Thomas & Angela | | 15,096.86 |
| Hoffman, Richard | | 8,754.26 |
| Hogan Family Living Trust | Joseph M. Hogan, Trustee | 19,331.93 |
| Holland Family Trust | Fred & Marjorie Holland, Trustee | 18,237.64 |
| Hooleys Limited Partnership | Jon P. Hoolihan | 14,590.09 |
| Hughes, Phillip | | 10,000.00 |

U.S. v. Connie Farris
2:07-CR-00051-RLH-PAL
Restitution List

| Name | Trustee/Contact | Amount |
|---|---|---|
| Iehle, Evelyn | | 5,836.26 |
| Intercon Corporation Defined Benefit Pension Plan & Trust | James W. Rooney | 18,237.47 |
| Jamssem, Roger & Maxine Worth | | 5,471.33 |
| Jay, Micki | | 35,000.00 |
| Kocourek, John | | 25,532.72 |
| Koziol, Eugene & Arlene Soblinski | | 7,295.07 |
| Kreck, Linda | | 72,950.62 |
| Lauren, Kim & Marc (Marvin deceased) | | 14,657.84 |
| Lynn, Albert & Shirley | | 7,295.03 |
| Majid, Zakir | | 7,295.26 |
| Manieri, Paul V. | | 14,590.32 |
| Mayo Family Trust | Monroe & Louise Mayo, Trustees | 17,000.00 |
| Mertes, James | | 10,942.77 |
| Mohn, Jane E. | | 1,907.57 |
| Mueller, Karen & Lee | | 14,590.30 |
| Noel, Arthur Trust | Arthur Noel, Jr, Trustee | 32,818.85 |
| Noel, Ronald | | 36,541.68 |
| Olsen, Janalee Family Trust | Janalee Olsen | 73,310.00 |
| Pearce Family Trust | James & Shirley Pearce, Trustees | 10,942.52 |
| Peeters, Franciscus | | 7,295.00 |
| Rader, Veronica | | 21,885.21 |
| Richlen, Charles & Carol Revocable Trust | | 14,600.63 |
| Sandberg, Richard & Carolyn | | 14,590.26 |
| Santiago, Victor | First Trust Company of Onaga | 18,237.65 |
| Scharf, Wilmer | | 18,830.16 |
| Scheide, Theodore E. | | 47,417.75 |
| Scholl, Victor (Evelyn deceased) | | 18,237.44 |
| Schwab Family Trust | Ardath Schwab | 164,139.04 |
| Shyong, Yung Yu | | 36,475.26 |
| Simlak, Harold & Renee | | 10,000.00 |
| Simon, Tracey | | 10,000.00 |
| Sindler, Bernard Living Trust dtd 7/18/95 | Bernard Sindler | 18,237.63 |
| Sipple 1990 Trust | Gail or Maria Sipple, Trustees | 7,295.16 |
| Spectrum Capital, LLC. | Steven Yung | 104,240.02 |
| Stein, Henry | | 36,475.24 |
| Strait, Kenneth | | 10,000.00 |
| Swedelson Family Trust | Robert Swedelson | 3,647.55 |
| Syfert Trust dtd March 17, 1990 | H. Ray & Ann Syfert, Trustees | 7,295.07 |
| Tanimine Family Trust | Roy Tanimine | 14,589.97 |
| Thornton Family Trust | Ruth Thornton, Trustee | 7,456.43 |
| Travers, Ruth Ann | | 18,237.67 |
| Turner, Carol | | 25,000.00 |
| Turner, Leslie | c/o David Greenman, Esq. | 36,475.37 |
| Vandever, Wayne G. | | 10,942.63 |

U.S. v. Connie Farris
2:07-CR-00051-RLH-PAL
Restitution List

| | | |
|---|---|---:|
| Von Holten, Katrina | | 6,711.44 |
| Weiss, Mary | | 10,000.00 |
| Wolter, Henry & Ruth | | 7,271.18 |
| Zollinger, Jacob Dennis & Elizabeth | | 14,590.12 |
| | | |
| **Total Restitution Due on Non-Loans** | | **1,930,843.12** |