# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff(s), | Case No. 2:07-CR-051-RLH-PAL |
| vs. | **O R D E R** |
| CONNIE FARRIS, | (Motion Pursuant to 28 U.S.C. § 2255–#349)<br>(Motion to Dismiss Motion #349–#352)<br>(Motion to Deny Motion to Dismiss–#353) |
| Defendant(s). | (Motion to Stay–#354) |

Before the Court is Defendant's **Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody** (#349, filed June 8, 2016). Also before the Court is the **Government's Motion to Dismiss Without Prejudice or Stay Farris's 28 U.S.C. § 2255 Motion** (#352, filed June 22, 2016). There was then filed by Defendant one document (which received two docket numbers), containing what she characterized as two motions: a Motion to Deny Government's Motion to Dismiss her original motion, and a Motion to Stay her original motion (## 353, 354). These latter two documents in reality constitute an opposition to the Government's motion and a reply to the Government's motion to dismiss, which also constitutes an opposition to Defendant's original motion, and these "motions" will be treated as such and the Court will consider the matter sufficiently briefed.

The Court elects, in the interest of both economy and justice, to grant the Government's motion to dismiss and to dismiss Defendant's § 2255 motion without prejudice.

///

## DISCUSSION

Following a jury trial conducted from October 12 to November 1, 2010, Defendant was convicted of mail fraud. Following the entry of judgment, Defendant Farris was sentenced. She then appealed. The Circuit Court affirmed her conviction, but vacated the restitution order and "remanded for further findings or recalculation [of the restitution amount] in accordance with the district court's decision to sustain Farris's loss amount objection." *United States v. Farris,* 585 F. App'x 934, 937 (9th Cir. 2014)

On May 29, 2015, this Court entered a second amended judgment, giving Farris the same sentence, but reducing the amount of restitution. Farris appealed and that appeal is still pending before the Ninth Circuit Court of Appeals. She now files her present motion for relief under 28 U.S.C. § 2255.

The Court has two options: (1) to dismiss the § 2255 motion without prejudice, permitting Defendant to renew the motion after the Circuit Court renders its decision, or (2) stay the motion pending the Circuit Court's decision.

A decision by the Circuit Court could render a § 2255 motion moot, or require modification of the motion. In that case, the motion would have to be amended or withdrawn, multiplying and complicating the docket and issues, and requiring more filing of documents. Because the time to file a § 2255 motion does not begin until the appeal is concluded, Defendant is not prejudiced by simply dismissing the motion without prejudice to refile it. If she seeks to file such a motion following the conclusion of the appellate process, she can simply refile this motion or, if modifications are necessary, file a motion responsive to any appellate decision made. This course of action eliminates a motion lying dormant for months, unnecessarily cluttering the Court's files and arguments going stale. It also eliminates the possibility of having to modify an already existing motion to address and respond to whatever decision is made by the Circuit.

///

///

BASED UPON THE FORGOING, and for good cause appearing,

IT IS HEREBY ORDERED that the **Government's Motion to Dismiss Without Prejudice Farris's 28 U.S.C. § 2255 Motion** (#352) is GRANTED.

IT IS FURTHER ORDERED that Defendant's **Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody** (#349) is DISMISSED, WITHOUT PREJUDICE.

Dated: July 7, 2016.

_____
**Roger L. Hunt
United States District Judge**