UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:07-cr-00051-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Affidavit for Recusal) |
| CONNIE FARRIS, | |
| Defendant. | |

Before the Court is Defendant Connie Farris' **Affidavit for Recusal of the Honorable Judge Roger L. Hunt**, pursuant to 28 U.S.C. § 144 & 28 U.S.C. § 455. (#356, filed on August 15, 2016.)

Farris requests that the undersigned judge recuse himself from this case and alleges that "Judge Roger L. Hunt has a personal bias or prejudice either against her; a deep seated favoritism from pre-trial, trial, sentencing, remand, and 28 U.S.C. 2255 filing." (#356 at 1.) Farris cites to various instances throughout these lengthy proceedings that she believes shows the undersigned judge has an extrajudicial personal bias towards her that would prevent her from receiving fair and impartial consideration on future proceedings.

Recusal is governed by 28 U.S.C. §§ 144 and 455. Section 144 provides a procedure for a party to recuse a judge, whereas Section 455 imposes an affirmative duty on a judge to recuse

AO 72
(Rev. 8/82)

himself. 28 U.S.C. § 455 provides, in pertinent part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and he must also disqualify himself if "he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a), (b)(1). Recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quotation omitted).

Most of the instances Farris identifies as support for recusal involve adverse judicial rulings. "The Supreme Court has ... addressed the question of whether the personal bias or prejudice alleged in support of a motion for recusal ... must stem from an extrajudicial source. The Court determined that judicial rulings may support a motion for result, but only 'in the rarest circumstances' where they evidence the requisite degree of favoritism or antagonism." *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994) *overruled on other grounds by United States v. Preston*, 751 F.3d 1008 (9th Cir. 2014) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Indeed, *Liteky* instructs that judicial rulings alone "almost never" constitute a valid basis for a bias and per se "'cannot possibly show reliance upon an extrajudicial source' in a judge's deliberations." *Id.* (quoting *Liteky*, 510 U.S. at 555). Thus, adverse rulings generally are "not sufficient to require recusal, even if the number of such rulings is extraordinarily high." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1990) (citation omitted).

The Court does not find that these various adverse judicial rulings establish the antagonism or favoritism required to satisfy the "rarest circumstances" standard identified by the Supreme Court. The Court explained the basis for each of its rulings throughout these proceedings. The issue is not whether the Court's rulings were correct, but whether they showed bias. Farris' examples do not satisfy this standard. Farris also overlooks the accommodations provided to her by the Court so she would not be unduly prejudiced, including repeated continuances for trial preparation and health conditions, shortening of the trial day to five hours, and providing her with a hospital bed during the trial.

Accordingly, Farris' Motion is denied because there is no basis for recusal. To pacify Farris, however, she is notified that the undersigned judge will be taking inactive senior status on September 30, 2016. As a result, all future proceedings in this case will be assigned to another district court judge and, as such, Farris' request is effectively moot.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Connie Farris' **Affidavit for Recusal of the Honorable Judge Roger L. Hunt** (#356) is **DENIED**.

Dated: September 19, 2016.

_____
**ROGER L. HUNT**
**United States District Judge**