# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff<br><br>v.<br><br>CONNIE FARRIS,<br><br>　　Defendant | Case No.: 2:07-cr-00051-APG-PAL<br><br>**Order (1) Denying Motion to Vacate, Set Aside, or Correct Sentence and (2) Denying Certificate of Appealability**<br><br>[ECF No. 365] |

Defendant Connie Farris moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. ECF No. 365. She claims ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

I deny Farris's § 2255 motion. She fails to provide sufficient facts to establish ineffective assistance of counsel at either the trial or appellate level. And because she is unable to show ineffective assistance of appellate counsel, her remaining claims are barred by the procedural default rule. I also deny Farris a certificate of appealability.

## I. LEGAL STANDARD

Federal prisoners may file a § 2255 motion to "vacate, set aside or correct" a criminal sentence that "was imposed in violation of the Constitution or laws of the United States" or "was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255(a). The movant must show that "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quotation omitted). Establishing that a mistake was made is not enough. *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995) (holding that a § 2255 challenge can be based only on claims of lack of jurisdiction, constitutional error, an error

/ / / /

resulting in a "complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure" (quotation omitted)).

## II. DISCUSSION

### A. Background

Farris was found guilty on 39 counts of mail fraud in violation of 18 U.S.C. § 1341.[1] She was sentenced to 144 months' imprisonment. Farris appealed on the grounds that (1) the district court had misapplied the guidelines in computing her sentence and (2) the district court erred in fixing the amount of restitution. The Ninth Circuit upheld Farris's conviction and sentence but vacated the restitution order for recalculation. On remand, the district court adjusted the amount of restitution to $1,930,843.12.

Farris now moves to vacate, set aside, or correct her conviction and sentence, relying on two categories of claims: (1) claims that trial counsel was ineffective and (2) claims that should have been raised on appeal but were not because appellate counsel was ineffective. The government responds that Farris's claims of ineffective counsel fail on the merits.

### B. Ineffective Assistance of Trial Counsel

In claiming ineffective assistance of trial counsel, Farris argues: (1) her attorneys were inexperienced in complex, high-volume discovery; (2) her attorneys failed to call certain witnesses to testify in her favor; (3) her attorneys failed to sufficiently research evidence regarding whether the loans at issue had closed or transferred; (4) her attorneys failed to object to evidence presented by the government; (5) her attorneys inappropriately allowed a juror with

---

[1] Due to a clerical error, sentencing records initially indicated that Farris was also found guilty of aiding and abetting—charges for which Farris was initially indicted but which were eventually dismissed. After appeal, the record was updated to reflect the correct verdict. ECF Nos. 346, 347.

narcolepsy to serve on the case; and (6) her sentencing attorney failed to review her file before sentencing and subsequently failed to object to incorrect information presented at sentencing. The government responds that Farris's attorneys were highly capable; that the issues Farris identifies were reasonable, strategic choices made by her attorneys; and that if any of these choices was not reasonable, it did not impact the final outcome of her case.

To prevail on a claim of ineffective assistance of trial counsel, Farris must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, she must show that her "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citations and quotations omitted). "The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 669. This standard "is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington*, 562 U.S. 105.

Second, she must show and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." *Id.* at 695.

/ / / /

1. Ground 9: In ground 9 of the motion, Farris argues that her attorneys were inexperienced with high-volume discovery disputes and the substantive laws relating to securities, real estate, and accounting, and were therefore unable to provide adequate representation. The record demonstrates that counsel was inexperienced in these areas. ECF Nos. 122, 128 at 6. However, mere inexperience is not sufficient to establish ineffective assistance of counsel. *U.S. v. Cronic*, 466 U.S. 648, 665 (1984) ("The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness in the absence of such an evaluation."). Farris's attorneys raised concerns about their inexperience to argue they needed sufficient time to review the unexpectedly large number of documents relevant to the case, not that they were unable to adequately defend Farris. The court granted additional time and the attorneys spent considerable resources reviewing the files and preparing Farris's case.[2] While Farris provides a list of grievances with her attorneys in her reply to the government's response (ECF No. 376-4 at 25-26), she fails to establish how these examples fell "below an objective standard of reasonableness." *Strickland* 466 U.S. at 669. Ground 9 fails.

2. Ground 1: In ground 1, Farris complains that her attorneys failed to raise a defense and did not call any witnesses at trial. She references court proceedings showing that at one point defense counsel anticipated calling witnesses and submitting evidence, but that they were later unsure and eventually decided not to do so. ECF No. 365-1 at 1-13. Farris has shown that

---

[2] Judge Roger Hunt, who presided over this case during trial and appeal, observed that Farris's attorneys' "requests for continuances, for more time to discover and study the documents, total twenty-five (months). The balance of the continuances (sixteen months) were for the benefit of the Public Defender, which invested hundreds of hours by attorneys and their staffs in examining the documents. In addition, the Federal Public Defender expended $407,791 paying for outside litigation support specialists to examine, copy and analyze these same records." ECF No. 282 at 3.

she objected to this decision, stating at the time that "my attorneys have chosen not to bring forth evidence that I know is . . . critical to my testimony." *Id.* at 7. The disagreement on this issue is reflective of a consistent gap between the manner in which Farris felt her case should be argued and the strategies used by her attorneys, a matter that was addressed by the court multiple times during the case. *See, e.g., id.*

While understandably difficult for Farris, the divergence of strategies between her and her counsel is not sufficient to establish ineffective assistance of counsel without showing deficiency in performance and prejudice. Farris's lawyers knew about the available evidence, knew that Farris wished the evidence to be presented, but ultimately decided not to present a defense. While Farris includes a list of witnesses that could have been called in her defense, she does not sufficiently establish the failure to do so as deficient performance, nor does she explain how the absence of those witnesses prejudiced the outcome of her case, except to say that "there is a reasonable probability . . . that she would have received a fair trial and verdict" had they been included. ECF No. 376 at 10-11. Ground 1 fails.

3. Grounds 12 and 13: In grounds 12 and 13, Farris claims that her attorneys should have researched and submitted into evidence documents that she believes show that the loans at issue had actually closed. In support of this argument, Farris references portions of the court transcript and documents provided by the federal receiver. ECF No. 365-4 at 86-98. She also includes scanned images of checks paid to Fidelity National Title Agency. *Id* at 100-02. As presented in Farris's motion, these documents do not serve as sufficient evidence that Farris's attorneys were unreasonable in their defense. It is not clear how the references to the Utah property or the existence of checks would serve to advantage Farris's position in the case. It is therefore not

/ / / /

clear what Farris's attorneys should have done with that information. It is also unclear as to how her attorneys' inaction prejudiced Farris. These two grounds fail.

<u>4. Ground 19:</u>  In ground 19, Farris argues that her attorneys should have objected to the admission of a spreadsheet, citing multiple inaccuracies in the contents. The admissibility of this spreadsheet was raised during Farris's second appeal, and the Ninth Circuit found that "[t]he district court did not abuse its discretion in accepting the spreadsheets proffered by the government, which had been admitted at trial through stipulation with the defense, because these spreadsheets had sufficient indicia of reliability." *United States v. Farris*, 677 Fed. Appx. 387, 388 (9th Cir. 2017). While Farris's attorneys could have objected to this spreadsheet, the Ninth Circuit's decision supports the presumption that the attorney's behavior was informed and reasonable. This ground fails.

<u>5. Ground 17:</u>  In ground 17, Farris claims that her attorneys should have objected to the inclusion of a juror with narcolepsy, positing that such a medical condition disadvantaged her at trial. While it would be reasonable for an attorney to object to including a juror with narcolepsy, it is not unreasonable for an attorney to decide not to do so. Farris's attorneys, the prosecution, and the court were all aware of Juror #11's condition, and all of them allowed that individual to serve on the jury. Furthermore, it is not clear how the medical condition of the juror would specifically disadvantage Farris. Ground 17 fails.

<u>6. Ground 10:</u>  In ground 10, Farris claims that her attorney at sentencing was insufficiently prepared for the sentencing hearing and failed to object when the court incorrectly stated that Farris had been found guilty of aiding and abetting. ECF No. 248 at 6. It does appear

/ / / /

/ / / /

6

from the record that counsel may not have been adequately prepared.³ While a mistake in this context might credibly constitute deficient performance, it had no prejudicial effect on the outcome of the case. The Pre-Sentence Investigative Report grouped Farris's offenses together, so the mistakenly-included aiding and abetting charges had no impact on the offense level computations. *See* Presentence Investigation Report at 9. Additionally, the record was corrected after appeal and had no effect on Farris' final sentence. ECF Nos. 333, 345, 347. This ground fails

Farris does not meet the standards for establishing ineffective assistance of trial counsel under any of the arguments raised in her motion. Where she identifies instances in which her attorneys may have made different strategic decisions regarding the presentation and argumentation of her case, Farris fails to adequately show how the performance was deficient or how those decisions could have plausibly prejudiced the final outcome. I therefore deny Farris's claims for ineffective assistance of trial counsel.

### C. Ineffective Assistance of Appellate Counsel

With the exception of a general claim of ineffective assistance of counsel at the appellate level (Ground 14), the remaining grounds raised in Farris's motion concern issues that could have been but were not raised in the initial appeal.⁴ Under the procedural default rule, "claims

---

[3] *See, e.g., U.S. v. Connie Farris*, No. 15-10297, ECF No. 48 at 5 ("[Counsel] confirmed that he did not (and apparently did not request) [the] Farris file from the federal public defender's office.").

[4] Farris raised a number of these issues in a second appeal, but the court limited the issues on that appeal only to restitution. *U.S. v. Connie Farris*, No. 15-10297, ECF No. 15 ("The other issues that Farris states in her response that she intends to present are appropriately presented in a 28 U.S.C. § 2255 motion filed in the district court, and not in this second appeal. At the hearing, the Appellate Commissioner discussed this distinction with Farris. Farris stated that she understood the distinction between issues that could properly be raised in her second appeal and issues that must be presented in a 28 U.S.C. § 2255 motion.").

not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Farris argues that these issues would have been raised on appeal but for her appellate attorney's unreasonable refusal to include them in the appellate filings. "Establishing the elements of an ineffective assistance of counsel claim normally will meet [the] cause and prejudice test." *United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir. 1996). Consequentially, I must first consider whether counsel's exclusion of any of these issues constitutes ineffective assistance, after which I can then consider whether any of the surviving issues likely prejudiced the outcome of Farris's case at trial.

As with claims of ineffective assistance at trial, to prevail on a claim of ineffective assistance of appellate counsel Farris must show deficient performance and prejudice. *Strickland*, 466 U.S. 687. However, the standard for deficient performance at appeal is even more deferential than at trial. "Appellate attorneys do not have a constitutional obligation to raise every non-frivolous issue." *Manuelito,* 656 F. App'x at 873 (9th Cir. 2016) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues." *Jones*, 463 U.S. at 751. This is true even when the defendant desires or even insists that certain issues should be raised. *See id.* ("Neither *Anders* nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.").

/ / / /

On appeal, Farris's counsel made two arguments: (1) the district court misapplied the guidelines in computing her sentence and (2) the district court erred in fixing the amount of restitution. Neither of these arguments is frivolous. Nor was it unreasonable for Farris's appellate attorney to elect to focus on these issues in her appeal. In fact, the 9th Circuit remanded the case to make adjustments in restitution, lending credence to the attorney's decision to raise that issue over other possible arguments.

Farris believes the following arguments should have been raised on appeal: (1) the participation of the U.S. attorney in her case created a conflict of interest because his parents were among those who invested in Farris's company (Ground 2 in her motion); (2) the judge and prosecution incorrectly described the loan companies as "entirely controlled" by Farris (Ground 3); (3) the judge was unconstitutionally biased against Farris and her trial counsel (Ground 4); (4) the prosecution's opening and closing statements incorrectly suggested that a federal receiver "knew" that four of the loans at issue in the case had not closed (Ground 5); (5) the federal receiver and government committed discovery violations, and the magistrate judge abused his discretion by failing to hold evidentiary hearings regarding those violations (Grounds 6-8); (6) her sentence was based on an incorrect loss amount (Ground 11); (7) an expert witness testifying against Farris failed to thoroughly audit Farris's companies (Ground 15); (8) the prosecutor was allowed to read a civil disposition of Farris on charges that were dismissed (Ground 16); (9) the prospective jury pool was exposed to prejudicial information regarding a related civil case (Ground 18); (10) the federal receiver violated a temporary and permanent injunction and gave misleading statements (Ground 20);[5] (11) the court incorrectly barred

---

[5] Farris attempted to raise this during her second appeal, but that appeal was limited to issues relating to restitution. *U.S. v. Connie Farris*, No. 15-10297, ECF No. 15.

evidence showing that the loans in question had closed; (12) the court abused its discretion in denying a mistrial for prosecutorial vouching; (13) the court improperly ordered Farris's HIPPA rights waived; and (14) the court failed to account for Farris's medical condition during trial (Ground 21).

None of these arguments is clearly superior to the arguments that were raised by counsel on appeal and their exclusion is not an "error[] so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 562 U.S. at 104. Farris felt these issues were important to her case, but her attorneys were well aware of her preferences and still determined that the most efficacious strategy would be to not include them in her brief on appeal.[6]

Farris does not meet the standards for establishing ineffective assistance of appellate counsel under any of the arguments discussed above. As a result, those arguments are barred by the procedural default rule. As to Farris's more general argument for inefficient assistance, she claims that she was never provided with the appellate brief, which prejudiced her during appeal and remand. Without any associated procedural missteps or a clear indication that counsel did not fully engage in her appeal, failing to provide a client with the brief is not sufficient to establish ineffective assistance of counsel.

I therefore deny Farris's claims that rely on showing ineffective assistance of appellate counsel.

---

[6] *U.S. v. Connie Farris*, No. 15-10297, ECF No. 92 at 7 ("Counsel advised FARRIS that appointed counsel was empowered to select the issues for appeal. Consequently, counsel advised her that he was prepared to draft her brief and file it. Further, counsel advised FARRIS that based upon the review of the record, discussions with prior counsel, review of her correspondence to prior counsel, and her proposed issues for briefing that she would likely not agree with counsel's selection of the issues.").

## III. CERTIFICATE OF APPEALABILITY

To appeal this order, Farris must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain this certificate, Farris "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not debate that Farris has failed to show she is entitled to relief, I deny her a certificate of appealability.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the defendant's motion under 28 U.S.C. § 2255 **(ECF No. 365) is DENIED**.

IT IS FURTHER ORDERED that the defendant is **DENIED** a certificate of appealability.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a separate civil judgment denying Farris's § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:18-cv-00284-APG.

DATED this 16th day of October, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE